COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION, Complain-
ant,

v.

James B. MORRIS III, Respondent.

No. 93–720.

Supreme Court of Iowa.

Aug. 25, 1993.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James B. Morris III, pro se.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) charged attorney James B. Morris III with neglect and mismanagement in the handling of a trust, and failure to maintain adequate trust account records. Following a hearing, a division of the grievance commission found the charges substantiated and recommended a public reprimand.

The matter is before us pursuant to Iowa Supreme Court rule 118.10. Our review is de novo. *Committee on Professional Ethics & Conduct v. Steele*, 414 N.W.2d 108, 109 (Iowa 1987). We give respectful consideration to the findings and recommendations of the grievance commission, but we are not bound by them. *Id.* Upon consideration of the record made in this case, we concur in the commission's findings and recommended sanction.

Attorney James B. (Brad) Morris has practiced law in Des Moines since 1978. In 1983 he became successor trustee for the Emmet Thomas Scales Trust. Following the practice of the former trustee, Morris established checking and savings accounts for the trust using his own social security number. This unwise practice ultimately led to the complaint before us.

In May 1990, the Internal Revenue Service seized $1249.43 from one of the Scales Trust accounts to satisfy Morris's personal income tax obligation. Rather than immediately rectifying the situation, Morris was overcome by embarrassment and began neglecting the trust altogether. Eventually one of the ben-

eficiaries contacted the district court concerning delinquent annual reports and trust payments. Although Morris promptly responded to the court's insistence that the trust be brought up to date, his careless bookkeeping led to the return of two trust payments for insufficient funds. Following further complaint by the beneficiaries, the court relieved Morris of his duties as trustee. It ordered him to repay with interest any loss sustained by the trust, and denied him any fee for the two years in which this neglect and mismanagement occurred.

During this same time period, the client security and disciplinary commission performed a routine audit of Morris's trust account. The audit revealed painfully inadequate record keeping. Morris's failure to regularly reconcile account balances with client ledger balances and bank statements rendered him unable to provide the auditor with an accurate determination of the balance of funds held in trust for any client on any given date. No evidence of comingling appeared. But Morris's bookkeeping practices were clearly inconsistent with his annual certification to the commission that he reconciled his accounts at least bimonthly and kept client records available for examination for at least six years.

In his hearing before the grievance commission, Morris did not attempt to minimize or excuse his missteps concerning the Scales Trust or his apparent inability to maintain accurate trust account records. He testified that the neglect stemmed from overwork brought on in part by the suspension of his partner's law practice. That stress was apparently magnified by his own serious health problems. In his testimony before the commission, Morris stated that his practice is now severely limited due to his hospitalization for kidney dialysis three days per week.

■ I. The burden rests with the committee to prove its charges against the respondent by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Davidson*, 398 N.W.2d 856, 856 (Iowa 1987). The evidence in this record convincingly supports the commission's conclusion that Morris violated the following provisions of the Iowa Code of Profes-sional Responsibility for Lawyers: EC 6–1 (lawyer must act with competence and proper care in representing clients); EC 6–4 (requiring adequate preparation and attention to all matters undertaken by a lawyer); DR 6–101 (it is misconduct for a lawyer to fail to act competently, handle a legal matter without adequate preparation, or neglect a legal matter); DR 9–102(B)(3) (lawyer must maintain complete record of funds, securities, and other client properties coming into the lawyer's possession and render appropriate accounts in regard thereto); DR 9–103(A) and (B) (requiring every lawyer to maintain current books and records sufficient to demonstrate compliance with DR 9–102, and certify thereto as required by DR 9–103(A)). Furthermore, we conclude that Morris knowingly misled the client security and disciplinary commission by falsely certifying the status of his trust accounting procedures on annual reports, in violation of DR 1–102(A)(4).

■ II. The commission affirmatively found that until Morris's difficulties with the IRS arose and impacted the Scales Trust, he had handled the matter with diligence and competence for many years. Moreover, the record contains no evidence that Morris ever intentionally misappropriated client funds. Nevertheless, we cannot overlook the fact that his failure to secure independent identification numbers for the Scales Trust accounts resulted in a temporary loss to the beneficiaries upon the account's seizure. His lack of prompt attention to the matter, his demonstrated inattention to standard accounting practices, and his neglect in filing timely probate reports placed his clients' funds at risk and greatly diminished his clients' confidence in the legal profession as a whole.

The five-member commission who heard this matter unanimously recommended public reprimand as an appropriate sanction. The commission also recommended that an immediate audit be performed to ensure that Morris's books and records are now up to date and in compliance with client security and disciplinary commission rules. We conclude that this recommendation is within the range of penalties imposed for similar misconduct.

See *Committee on Professional Ethics & Conduct v. Peterson*, 471 N.W.2d 787, 788 (Iowa 1991) (three-month suspension for neglecting legal matters and failure to cooperate in investigation); *Committee on Professional Ethics & Conduct v. Morris*, 427 N.W.2d 458, 460 (Iowa 1988) (failure to file income tax returns, combined with false certification on annual report, warrants three-month suspension); *Committee on Professional Ethics & Conduct v. Larsen*, 407 N.W.2d 601, 602 (Iowa 1987) (lawyer publicly reprimanded for isolated incident of probate delinquency in failure to cooperate with committee). We further conclude that this sanction is appropriate given the limited nature of Morris's practice and his assurance to the commission that he will refrain from assuming trustee duties in the future.

Accordingly we publicly reprimand James B. Morris for the departure from the code of professional responsibility disclosed by this opinion. We direct that an audit of his trust account be performed by an agent of the client security and disciplinary commission and the cost thereof, and of these proceedings, shall be taxed to the respondent.

**ATTORNEY REPRIMANDED.**