**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**James B. MORRIS III, Respondent.**

**No. 94–1179.**

Supreme Court of Iowa.

Nov. 23, 1994.

Norman G. Bastemeyer and Charles L. Harrington of Iowa State Bar Ass'n, Des Moines, for complainant.

James B. Morris III, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

This is a review of a report by our Grievance Commission recommending suspension of the respondent's license on allegations that he had neglected two probate matters and then failed to cooperate with the Committee on Professional Ethics and Conduct in its ensuing investigation. The respondent was

reprimanded for similar problems in an opinion filed on August 25, 1993. *Committee on Professional Ethics & Conduct v. Morris,* 505 N.W.2d 194 (Iowa 1993). We now suspend his license for a minimum of three months.

The first count of the complaint concerns the respondent's handling of a guardianship for Rebecca Ann Davis. The initial report of the guardianship, due sixty days after the guardian's appointment, became delinquent. The clerk sent a notice of delinquency to the respondent, giving him sixty days to correct the delinquency. When the respondent did not comply, the delinquency was referred to the Committee.

The Committee sent a notice to the respondent by certified letter of April 8, 1993, but the letter was returned unclaimed. The Committee then had personal service made on the respondent on May 5, 1993. He still did not respond. He testified at the hearing that he did not remember getting the notice and that he was not concerned about the delinquency because he assumed that his client was filing the report herself.

In early 1993, the client requested that Morris withdraw as the attorney for the guardianship, but he did not withdraw until over a year later.

In count II of the complaint, the Committee charges that the respondent neglected his duties in connection with the estate of Donald F. Raner. Raner died on October 12, 1991. On December 24, 1991, the respondent filed a petition for probate of the will and asked for the appointment of Denita Hoffman as executor. On the same day, he filed Hoffman's designation of the respondent as attorney for the estate even though Hoffman had not yet been appointed as executor. In fact, the respondent did not obtain an order admitting the will to probate and appointing the executor until April 16, 1992.

The respondent failed to file a probate inventory in the time allowed. On May 1, 1993, the clerk sent a notice of delinquency for failure to file the inventory. The respondent still did not file it within the sixty days provided, and the matter was referred to the Committee.

The respondent also failed to file a timely inheritance tax return. In fact, the inheritance tax return had not been filed as of June 22, 1994, the date of the grievance hearing.

The Committee concluded that there was no exemption available for inheritance tax purposes and that the beneficiary and the estate will owe inheritance tax, penalty, and interest.

On August 9, 1993, the Committee sent notice of a complaint by restricted certified mail concerning the delinquency in the Raner estate. The respondent signed the receipt for the notice, but he did not respond despite the fact that his earlier disciplinary case was then pending, alleging similar acts of negligence.

The respondent's reason for failing to file the inventory was that he had misplaced it in his office. Not finding the completed inventory in his office, he assumed that it had been filed, and therefore, it was not necessary for him to respond to the Committee's notice.

We agree with the Commission that the respondent has violated several of our disciplinary rules: DR 1–102(A)(5) (conduct prejudicial to administration of justice); DR 1–102(A)(6) (conduct adversely affecting fitness to practice law); DR 2–110(B)(4) (failure to withdraw when discharged by client); DR 6–101(A)(1) (handling matters in which lawyer not competent); and DR 6–101(A)(3) (neglecting client's legal matter).

The respondent has apparently not corrected his office procedures in probate matters, even though he was earlier reprimanded for similar conduct. His ineptness in handling probate matters, his failure to associate with a person qualified to handle such matters (or to decline such employment), and his lack of attention to Committee inquiries have continued to be a problem.

We therefore suspend the respondent's license to practice law indefinitely with no possibility of reinstatement for three months from the filing of this opinion. During the period of suspension, the respondent shall refrain from all practice of law. *See* Ct.R. 118.12. Any application for reinstatement

shall be governed by Court Rule 118.13. In addition, any application for reinstatement shall include a plan for the respondent's future practice in probate matters, by either declining employment in all probate cases or seeking the assistance of a qualified probate lawyer. In addition, he shall furnish proof that he has paid all inheritance tax penalty and interest attributed to his delay in filing any inheritance tax return.

Costs of this action are taxed to respondent pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**