**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Bryan J. HUMPHREY, Respondent.**

No. 96–0687.

Supreme Court of Iowa.

July 24, 1996.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Bryan J. Humphrey, Fort Madison, respondent pro se.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

■ The Iowa Supreme Court Grievance Commission (Commission) recommended suspension of Bryan J. Humphrey's license to practice law for a period of at least three years. One member of the Commission recommended revocation of his license. Although Humphrey did not appeal the Commission's findings, conclusions, and recommendations, we must review de novo the record made before the Commission and determine the matter. *See* Iowa Sup.Ct. R. 118.10. Upon our review we find there is a convincing preponderance of the evidence to support the Commission's findings that Humphrey violated several disciplinary rules of the Iowa Code of Professional Responsibility for Lawyers and that the recommended three-year suspension is an appropriate sanction.

### I. *Background.*

Humphrey was admitted to the practice of law in June 1981. He practiced as a sole practitioner in Fort Madison until his license was suspended. *See Committee on Professional Ethics & Conduct v. Humphrey,* 529 N.W.2d 255, 259 (Iowa 1995). In the fall of 1994, Humphrey appeared before the Commission for alleged ethical violations. In February 1995, upon review of the proceedings we imposed a sixty-day suspension, finding that Humphrey failed to properly handle three probate matters in 1993, he failed to properly handle a postconviction relief (PCR) matter in 1991, and he failed to respond to notices and inquiries in 1993 relating to the PCR matter. *Id.* at 256–58. We found Humphrey had violated disciplinary rules DR 1–102(A)(5, 6), DR 6–101(A)(3), DR 7–101(A)(1), and DR 7–106(A). *Id.* at 258. Although we found his actions did not involve dishonesty, deception, or misrepresentation, we determined a sixty-day suspension was appropriate because he "stonewalled" two judges, as well as the committee. *Id.* at 258–59.

This disciplinary review relates to a three-count complaint filed against Humphrey on November 28, 1995. The complaint filed by the Iowa Supreme Court Board of Professional Ethics and Conduct (Board) accused Humphrey (1) of failing to resolve a real estate title problem, (2) of failing to properly appeal from the denial of an application for postconviction relief on behalf of an inmate at the Iowa penitentiary, and (3) of committing numerous acts of unprofessional and unethical conduct in district court cases he was handling.

### II. *Findings.*

A. Humphrey was retained by Treasa Andrews to examine an abstract and provide a title opinion on a home she was purchasing on contract. In his title opinion, Humphrey found merchantable title to the property was in Marlene M. Nichting. It appeared to the Commission that Humphrey had made an error in his title opinion and that an undivided one-half interest in the property was held by the trustee of the Harold Nichting Trust.

■ When Andrews discovered the title was defective, she talked to Humphrey about the problem. He assured her in 1992 and in 1993 that all that was needed was a quit claim deed and that he would obtain it for her. In 1994 she wanted to sell her home. She made repeated attempts to contact Humphrey by calling his office and requesting his secretary to have him call her. Humphrey failed to return her calls and failed to clear the title defect. In September 1994 she filed a complaint with the Board. When Humphrey was notified by the Board of Andrews' complaint, he failed to respond.

B. In August 1994 Humphrey agreed to represent David Sheldon and to handle his appeal from an adverse district court postconviction ruling. Humphrey admits he failed to properly appeal the court's ruling and that, as a result, the appeal was dismissed in December 1994. Humphrey took no action to reinstate the appeal. When notified by the Board of the inmate's complaint in April 1995, Humphrey failed to respond.

C. On March 28, 1995, a district judge, to his credit, mailed a letter to the Board listing numerous acts of unprofessional and unethical conduct by Humphrey. Humphrey was notified of the complaint on April 14, 1995. He failed to respond to the complaint. The

complaint included charges that Humphrey failed to appear at scheduled court proceedings in November 1994 and January 1995, was habitually late for court proceedings, failed to return calls from the court and the court administrator, and submitted duplicate or incorrect court appointment fee claims. However, the most serious complaint related to a decree prepared by Humphrey for the court in a dissolution of marriage proceeding.

Humphrey was attorney for Teresa Rowley in her action for dissolution of marriage. He appeared with her for trial on November 8, 1994. Her husband, John Rowley, did not appear for trial. Following the presentment of evidence, the court directed Humphrey to prepare a default dissolution decree. The decree placed custody of the parties' two minor children with their mother. The decree, prepared by Humphrey, was presented to and signed by the court, and filed on December 6, 1994.

At the time of the dissolution hearing the parties' children were subject to an ongoing juvenile court proceeding. Humphrey was the court-appointed attorney for Teresa Rowley, the mother of the children, in the juvenile court proceeding. Had the court been advised of the fact that the children were involved in a juvenile court proceeding it would not have proceeded with the trial because the court would not have jurisdiction to enter a custody order. *See* Iowa Code § 232.3 (1993). No request was made to the juvenile court to grant concurrent jurisdiction to the district court.

After the dissolution decree had been filed, John Rowley filed a motion to set aside the decree. At a hearing on his motion, Teresa Rowley testified that Humphrey had instructed her not to mention the juvenile court proceedings at the dissolution hearing.

The Commission believed either Humphrey was not aware it was necessary to obtain a juvenile court order authorizing concurrent jurisdiction or he was aware a concurrent order was necessary, but deliberately misled the court or neglected to inform the court it lacked jurisdiction.

The Commission found Humphrey violated DR 1–102(A)(4) (conduct involving dishones-

ty, fraud, deception, or misrepresentation), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (conduct that adversely reflects on the fitness to practice law), and DR 6–101(A)(3) (neglect of client's legal matters).

On our de novo review we conclude that there is a convincing preponderance of evidence to support the Commission's findings and that Humphrey violated those rules identified by the Commission.

■ The neglect of a client's legal matter is a disciplinary rule violation. *Committee on Professional Ethics & Conduct v. Gill,* 479 N.W.2d 303, 306 (Iowa 1991). A lawyer must fully disclose all facts tangentially relevant and material to a judge's decision. *See Committee on Professional Ethics & Conduct v. Zimmerman,* 354 N.W.2d 235, 237 (Iowa 1984). Misrepresentation and dishonesty in an application for court fees is serious lawyer misconduct. *Committee on Professional Ethics & Conduct v. Zimmerman,* 465 N.W.2d 288, 292–93 (Iowa 1991). A lawyer who deliberately misleads the court or negligently fails to disclose relevant information has committed a very serious violation of our disciplinary rules. *Committee on Professional Ethics & Conduct v. Ramey,* 512 N.W.2d 569, 572 (Iowa 1994). Humphrey knowingly failed to respond and cooperate with the Board, both before and after his suspension. A knowing failure to respond to the Board's notice and inquiry is a clear violation. *Iowa Supreme Ct. Bd. of Professional Ethics & Conduct v. Sather,* 534 N.W.2d 428, 431 (Iowa 1995).

### III. *Discipline.*

■ Multiple violations of our disciplinary rules support enhanced sanctions. *See Committee on Professional Ethics & Conduct v. Hall,* 463 N.W.2d 30, 36 (Iowa 1990). We do not disregard conduct that predates prior disciplinary proceedings. *Committee on Professional Ethics & Conduct v. Hurd,* 360 N.W.2d 96, 105–06 (Iowa 1984); *see also Committee on Professional Ethics & Conduct v. Clauss,* 468 N.W.2d 213, 215 (Iowa 1991) (a sanction imposed in first disciplinary proceeding may justify reduced sanction in second disciplinary proceeding). We con-

clude the appropriate discipline is that recommended by the Commission. Bryan J. Humphrey's license to practice law in Iowa, as defined in Iowa Supreme Court rule 118.12, is suspended indefinitely, with no possible reinstatement for three years from the date of this opinion. The costs of this action are assessed against Humphrey in accordance with Iowa Supreme Court rule 118.22.

**LICENSE SUSPENDED.**