### IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

### Richard O. PARKER, Respondent.

### No. 96–1760.

Supreme Court of Iowa.

Jan. 22, 1997.

Norman Bastemeyer and Charles Harrington, Des Moines, for complainant.

Lee Gaudineer, Des Moines, for respondent.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

CARTER, Justice.

This lawyer disciplinary opinion is issued pursuant to our review of the findings, conclusions, and recommendation for discipline rendered by a division of the Grievance Commission of this court. In the absence of an

appeal, such reviews are conducted pursuant to Supreme Court Rule 118.10 and are de novo. The respondent is attorney Richard O. Parker.

The complaint alleged that respondent violated disciplinary rules with respect to (1) attorney neglect in the handling of two decedents' estates, (2) interfering with the disciplinary process by attempting to negotiate withdrawal of a complaint, and (3) misrepresentation to the court on a report in an estate.

After hearing the evidence, the Grievance Commission found that each of the three allegations listed above had been established by a convincing preponderance of the evidence. On the matter of sanction, the commission recommended that respondent be publicly reprimanded. We agree with the commission's findings concerning the allegations of neglect in the estate proceedings and interference with a disciplinary process. We do not agree with the commission's finding that respondent made misrepresentations to the court. We are convinced, however, that the commission's recommendation for a public reprimand is appropriate as a result of those disciplinary violations that were adequately established.

## I. *Finding of Attorney Neglect of Client's Legal Matters.*

■ The allegations of neglect in the handling of decedents' estates involved the estates of Frances C. See, who died in 1982, and her husband, George See, who died in 1987.

A. *The Frances See estate.* The Frances See estate was opened in December 1982. It contained assets of approximately $300,000. Respondent was designated as attorney for the personal representative. This estate was not closed until August of 1993.

At the hearing before the commission, respondent acknowledged that, after the estate had been open for approximately eighteen months (some point in 1984), all that remained to be done for closing the estate was filing the final Iowa fiduciary income tax return and obtaining the income tax acquittance from state revenue officials. He

sought to justify the fact that it took nearly nine more years to close the estate on the basis of potential tort and contract claims that the decedent had concerning two policies of insurance. It appears, however, that the personal representative, acting on respondent's advice, decided to abandon one of these claims as early as 1986.

As to the other claim, involving an insurance agent, rather than an insurance company, the agent had gone through a bankruptcy proceeding, and the claim in bankruptcy filed by the Sees on the disputed transaction was filed in the name of George See only. Any lingering doubt that Frances See had some claim that survived the bankruptcy was ultimately resolved by assigning all rights to such claim to the residuary beneficiary to do with as he wished. Viewing the evidence in the most favorable manner from respondent's frame of reference, we conclude that these two claims do not serve to excuse the unwarranted delay that took place in closing the Frances See estate. In the absence of some other excuse, which we fail to perceive, we find that respondent's omissions in this regard constitute neglect of a client's legal matter in violation of Iowa Code of Professional Responsibility DR 6–101(A)(3).

In making this finding, we express the view that, unless a personal representative is the person or entity required by law to pursue a decedent's cause of action, such as a wrongful death claim under Iowa Code section 613.15 (1995), claims not in actual litigation need not be an impediment to the timely closing of a decedent's estate. Potential rights of recovery may be distributed as personal property to those persons who succeed thereto.

As to other charges of neglect made against respondent with respect to the Frances See estate, we agree with the commission that there was no neglect on his part in failing to file timely fiduciary income tax returns for those years between the initial fiduciary return and the final fiduciary return. After the initial fiduciary income tax return for the 1983 taxable year was filed, almost all assets were distributed to the residuary beneficiary. This resulted in there being no income to report for the intervening

years. The Grievance Commission concluded that, although a final fiduciary return was necessary in order to obtain the acquittance required to close the estate, no additional fiduciary income tax returns were required for the years intervening between the initial return and the final return.

█ The issue involving the filing of fiduciary income tax returns for the intervening years is complicated by the fact that respondent did ultimately file untimely fiduciary income tax returns for those years. This was done belatedly in an attempt to take advantage of a net loss carry forward that could be distributed to the residuary beneficiary. This set of circumstances provides, we believe, an excellent example of the narrow line that exists between neglect, on the one hand, and potential malpractice, on the other. We have recognized this distinction in previous cases. See Committee on Prof'l Ethics & Conduct v. Martin, 375 N.W.2d 235, 237–38 (Iowa 1985); Committee on Prof'l Ethics & Conduct v. Rogers, 313 N.W.2d 535, 536 (Iowa 1981). We find from the evidence in the present case that respondent's failure to file fiduciary income tax returns for the intervening years was attributable to a belated appreciation of what was required to preserve the loss carry forward rather than a neglect of a client's known interests. As such, it may give rise to a claim of malpractice but was not such neglect of a client's interest that warrants the taking of disciplinary action.[1]

B. *The George See estate.* The George See estate was opened shortly after George's death in June 1987. It consisted of assets valued at approximately $288,000. Respondent was designated as attorney for the personal representative.

The Iowa inheritance tax return and any inheritance tax owing was due in the estate nine months from the end of June 1987. This would have been March 1988. Prior to that time, respondent requested and received an extension of time for filing the inheritance

tax return until July 1, 1988. This deadline was never met nor was any further application for extension of time made. In October 1994, the estate was still pending and no inheritance tax return had been filed. The personal representative retained new counsel for handling the estate. These lawyers proceeded to file the delinquent inheritance tax return and fiduciary income tax returns that were required and had not been filed.

Before the commission, respondent sought to justify his inaction in the George See estate on a lack of cooperation from the personal representative who was the residuary beneficiary of the estate and was a nonresident. The commission found that, although the personal representative had been uncooperative at times, the delays in taking necessary action in the estate were due to respondent's lack of persistence in seeking necessary information and general procrastination. We agree with that finding. The commission's finding that respondent violated DR 6–101(A)(3) in neglecting the administration of the George See estate was well founded.

## II. *Attempted Disruption of the Disciplinary Process.*

At or about the time that the personal representative secured new counsel to conclude the George See estate, respondent sought to negotiate concerning any remaining obligations he had in the matter and any considerations owed to him. In connection with these negotiations, he wrote to the personal representative's new attorneys requesting:

> I would also request that Gary [the personal representative] execute a complete release regarding any claim he may have against me and also to withdraw any complaint with the Bar Association.

The commission found this request to have been an attempt to disrupt the disciplinary process. In *Committee on Professional Ethics & Conduct v. McCullough,* 468 N.W.2d

---

[1.] The complaint also urges neglect on respondent's part concerning the legal sufficiency of the untimely fiduciary income tax returns for the interim years and his failure to pursue the loss carry forward matter further after receiving notice of the disallowance of this claim by revenue officials. The commission found by implication that these claims were not adequately established by the evidence. We are satisfied that this finding was correct.

458, 462 (Iowa 1991), we concluded that the duty imposed by DR 1–103(A) to report disciplinary violations also embraces a responsibility not to frustrate such reporting by others. Respondent's actions must be viewed as an attempt to do that. To his credit he did not pursue the matter further once the personal representative's new lawyers rejected his efforts to negotiate a withdrawal of the complaint. Nevertheless, we agree with the commission that a violation of DR 1–103(A) was established.

### III. *Alleged Misrepresentation to the Court.*

 A majority of the Grievance Commission found that respondent had made a knowing misrepresentation to the court in an interim report filed in the Frances See estate on December 23, 1988. One member of the commission dissented from that finding. The charge made in this regard relates to a recital in the interim report that stated: "All federal estate and fiduciary income tax returns have been filed along with the Iowa inheritance tax return and income tax returns." The majority of the commission found that this statement was false because the final Iowa fiduciary income tax return had not yet been filed. It likened the situation to that considered by this court in *Committee on Professional Ethics & Conduct v. Schooler*, 482 N.W.2d 426, 427 (Iowa 1992). The misrepresentations involved in *Schooler* were, in one estate, an express statement in a fee application that a federal estate tax return had been filed when it had not and, in another estate, the statement that all items needed for the closing of the estate had been completed.

The interim report in the Frances See estate did not state that the final Iowa fiduciary income tax return had been filed nor that all items necessary for the closing of the estate had been completed. Based on the context within which the interim report was filed, we accept respondent's explanation that the statement concerning fiduciary income tax returns had reference to those returns required to be filed up until that time. The matter of the filing of the final Iowa fiduciary tax return was not an issue at that point with regard to any relief being sought from the court. Based on our analysis of the transaction, we find no ethical violation based on misleading statements to the court.

Because the ethical violations that we find have been established fully warrant the discipline recommended by the Grievance Commission, we reprimand respondent, Richard O. Parker. Costs of the disciplinary proceeding shall be paid by respondent within ninety days of the filing of this opinion.

**ATTORNEY REPRIMANDED.**