**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**James SCHEETZ, Respondent.**

No. 97–776.

Supreme Court of Iowa.

Sept. 17, 1997.

David J. Grace, Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James Scheetz, Des Moines, pro se.

Considered by HARRIS, P.J., and CARTER, ANDREASEN, TERNUS, and SCHULTZ,* JJ.

## PER CURIAM.

This is another disciplinary proceeding involving respondent, James Scheetz. It comes before us for review of the Grievance Commission's findings and recommendation pursuant to Iowa Supreme Court Rule 118.10.

In June 1996 we considered two charges of client neglect against respondent and related claims that he failed to cooperate with disciplinary authorities in their efforts to investigate those matters. The facts at that time revealed that respondent had struggled with law office management in private practice. His frustration in that effort caused him to terminate that practice in May 1994 and take

* Senior Judge assigned by order pursuant to Iowa

a salaried position as a criminal prosecutor shared by three Iowa counties. Based on respondent's recognition of his limitations in the private practice field, we determined that the public interest would be adequately protected by imposing a public reprimand as a sanction for respondent's ethical violations if appropriate restrictions were applied concerning his return to private practice. Those restrictions were imposed upon him, and as of the date of the hearing on the present charges, he has continued to work as a salaried public employee. Evidence was presented before the Grievance Commission that his professional performance in that role has been entirely satisfactory.

The present charges include other incidents of failure to cooperate with the Board of Professional Ethics and Conduct in connection with client complaints. The first client complaint was by a client for which respondent had been court-appointed in a criminal case. The board concluded that the complaint was not well founded but also properly concluded that this does not excuse respondent's failure to provide necessary information to those charged with administering our disciplinary rules.

The second matter in which respondent failed to respond to the board's inquiries concerned a client that had retained him to pursue a personal injury case on behalf of her minor child. Respondent was inattentive to the client's interests throughout his negotiations with the tortfeasor's liability insurance company. When he closed his practice in May 1994, he completely abandoned the client. When this led to a complaint against him, he failed to respond to inquiries by the board.

The charge of neglect in regard to respondent's handling of the personal injury claim is clearly established by the evidence and constitutes a violation of Disciplinary Rule 6–101(A)(3) of the Iowa Code of Professional Responsibility for Lawyers. It has also been shown that on several instances respondent has failed to provide requested information to the board. That conduct constitutes a violation of DR 1–102(5). *See Committee on*

Code section 602.9206 (1997).

*Prof'l Ethics & Conduct v. Horn,* 379 N.W.2d 6, 8–9 (Iowa 1985).

The Grievance Commission has recommended that a sanction be imposed suspending respondent's license to practice for a minimum period of sixty days. The dilemma that confronts us regarding an appropriate sanction is the reality that, except for one instance of failure to respond to the board's inquiries, the operative facts that constitute the ethical violations in the present case antedate the imposition of sanctions on respondent in June 1996. We are not convinced that we would have imposed any greater sanction at that time had we been aware of the present violations. Based on these concerns, we somewhat reluctantly depart from the Grievance Commission's recommendation and again reprimand respondent.

It is further ordered that respondent shall make all necessary arrangements consistent with the rules of professional responsibility to satisfy his professional obligations to private clients who engaged him prior to the termination of his private law practice. He is further admonished that, as to subsequent or other pending disciplinary investigations, he shall give his full cooperation to those entities charged with enforcement of our rules of professional responsibility. All costs of the present disciplinary proceeding are assessed against respondent.

**ATTORNEY REPRIMANDED.**