IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,

v.

John F. SPROLE, Respondent.

No. 99–228.

Supreme Court of Iowa.

July 8, 1999.

Norman G. Bastemeyer, David J. Grace, and Harvel Golden, Des Moines, for complainant.

Jerry Crawford, Des Moines, for respondent.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and CADY, JJ.

CADY, Justice.

This is a lawyer disciplinary action involving John F. Sprole of Des Moines, Iowa. The grievance commission recommended Sprole be suspended from the practice of law for numerous violations of the Iowa Code of Professional Responsibility for Lawyers, including client neglect. Sprole requests the imposition of a public reprimand. On our review, we impose a suspension of not less than two months.

## I. Background Facts and Proceedings.

John Sprole has practiced law for twenty-two years. He has been publicly reprimanded on two prior occasions and received two previous admonitions. Each prior disciplinary action involved neglect of client matters or the failure to communicate with clients. The present disciplinary action involves two additional claims of neglect and inattention to client matters, among other claims.

In June 1994, Sprole agreed to represent a woman in a child support proceeding. After filing a petition, Sprole repeatedly failed to return telephone calls from his client, file a financial statement, provide financial information repeatedly requested by opposing counsel, and forward a stipulation to opposing counsel. The frustrated client eventually discharged Sprole and obtained substitute counsel to conclude the proceeding. Sprole failed to withdraw from the case after the attorney-client relationship was terminated, and failed to provide an accounting of fees at the request of the client.

In June 1996, Sprole agreed to represent a husband and wife who had discovered numerous defects in a home they had recently purchased. A written fee contract was executed and Sprole accepted a $200 retainer. Sprole, however, failed to write a letter to the seller as promised and failed to return numerous telephone calls from the clients. After several months of inaction by Sprole, the clients discharged him and retained a new attorney who successfully represented them in their claim.

Following a hearing on a complaint brought by the board of professional ethics and conduct, the grievance commission found Sprole violated three provisions of the Iowa Code of Professional Responsibility for Lawyers: DR 6–101(A)(3) (neglect of a client's legal matter); DR 9–102(B)(3) (failure to render appropriate accounts to a client); and DR 2–110(B)(4) (failure to withdraw following discharge by client). The commission recommended Sprole be suspended for thirty days. It further recommended he receive counseling to help overcome his history of neglect of client matters.

## II. Standard of Review.

We review the findings and recommendations of the grievance commission de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 254 (Iowa 1996). Although we give respectful consideration to the findings and recommendations of the grievance commission, we are not bound by them. *Id.*

## III. Discipline.

The violation of a disciplinary rule must be established by a convincing pre-

ponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mayer*, 570 N.W.2d 647, 648 (Iowa 1997). In this case, the evidence convincingly establishes Sprole violated the three disciplinary rules identified by the grievance commission. All the violations, however, are tied to the same type of conduct. Sprole neglected numerous matters in his representation of his clients in two separate cases from the beginning to the end. The real question we face is the discipline to result.

Sprole asks for a public reprimand as an appropriate sanction. He points out his conduct did not involve dishonesty and he was cooperative ad prompt throughout the disciplinary proceedings.

■ We have found attorney misconduct involving neglect and inattention of client matters to warrant public reprimand in some cases and suspension in other cases. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Erbes*, 573 N.W.2d 269, 270–71 (Iowa 1998) (public reprimand); *Mayer*, 570 N.W.2d at 649 (suspension without reinstatement for three months); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mears*, 569 N.W.2d 132, 134–35 (Iowa 1997) (public reprimand); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Scheetz*, 568 N.W.2d 663, 665 (Iowa 1997) (public reprimand); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Parker*, 558 N.W.2d 183, 186 (Iowa 1997) (public reprimand); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Humphrey*, 551 N.W.2d 306, 308–09 (Iowa 1996) (suspension); *Winkel*, 542 N.W.2d at 253 (suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sather*, 534 N.W.2d 428, 431 (Iowa 1995) (public reprimand); *Committee on Prof'l Ethics & Conduct v. Humphrey*, 529 N.W.2d 255, 259 (Iowa 1995) (sixty-day suspension); *Committee on Prof'l Ethics & Conduct v. Morris*, 523 N.W.2d 753, 754 (Iowa 1994) (suspension for minimum of three months). Often, the distinction between the punishment imposed depends upon the existence of multiple instances of neglect, past disciplinary problems, and other companion violations, including uncooperativeness in the disciplinary investigation. Nevertheless, the appropriate discipline to result in any attorney disciplinary proceeding rests with the individual facts of each case. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sylvester*, 548 N.W.2d 144, 147 (Iowa 1996). Furthermore, we not only consider the nature of the violation, but the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mattson*, 558 N.W.2d 193, 194 (Iowa 1997).

■ Sprole has a history of neglecting his clients. He has been admonished twice in the past and reprimanded on two other occasions. This prior discipline, however, has failed to curb the misconduct. *See Committee on Prof'l Ethics & Conduct v. Leed*, 477 N.W.2d 390, 392 (Iowa 1991) (conduct which might typically result in a public reprimand can warrant a suspension when there has been a prior reprimand). Sprole's most recent neglect also extended beyond client matters, and included violations of other disciplinary rules. The protection of the public and the reputation of the bar require more than a public reprimand. We conclude a suspension of not less than two months properly reflects the seriousness of the misconduct and will better protect the public and the profession.

We therefore indefinitely suspend the license of John F. Sprole to practice law in Iowa, with no possible reinstatement for two months from the filing of this opinion. As a condition of reinstatement, we require Sprole to seek and secure counseling to improve his communication and other skills required for addressing his professional responsibilities in a timely fashion. The suspension applies to all facets of the practice of law. *See* Iowa Sup.Ct. R. 118.12. Upon application for reinstate-

ment, Sprole shall have the burden of proving he has not practiced law during the period of suspension and has met the client notification requirements of Court Rule 118.18. Any application for reinstatement shall be governed by Court Rule 118.13. Costs are assessed against Sprole. *See* Iowa Sup.Ct. R. 118.22.

**LICENSE SUSPENDED.**