COMMITTEE ON PROFESSIONAL
ETHICS AND CONDUCT OF THE
IOWA STATE BAR ASSOCIATION,
Complainant,

v.

William A. CONZETT, Respondent.

No. 91–959.

Supreme Court of Iowa.

Oct. 16, 1991.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James G. Roth of Roth & Schumacher, Dubuque, for respondent.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this attorney disciplinary proceeding involving the respondent, William A. Conzett, we review the Grievance Commission's findings and recommendations pursuant to Iowa Supreme Court Rule 118.10. We suspend Conzett's license to practice law indefinitely with no possibility of reinstatement for a period of four months from the date of this opinion.

I. *Procedural Background.*

The Committee on Professional Ethics and Conduct filed a complaint with the commission against Conzett. The complaint alleges that certain of Conzett's actions violated various disciplinary rules and ethical considerations of the Iowa Code of Professional Responsibility for Lawyers.

The record made in the hearing before the commission included the complaint, the committee's request for admissions, witness testimony, and other evidence. Conzett responded affirmatively to the request for admissions. After finding that the alle-

gations of the complaint were true, the commission recommended that Conzett's license to practice law be suspended for a period of not less than two months.

Conzett has not appealed from the commission's report to this court. *See* Iowa Sup.Ct.R. 118.11. In all cases we review de novo the record made before the commission. *See* Iowa Sup.Ct.R. 118.10. We independently determine the matter and take appropriate action on it. *Id.*

■ Established standards govern our review in disciplinary proceedings. *Committee on Professional Ethics & Conduct v. Getscher*, 356 N.W.2d 557, 558 (Iowa 1984). The commission's findings, while considered, are not binding on this court. The complaint's allegations must be proven by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Lawler*, 342 N.W.2d 486, 487 (Iowa 1984). The substance of a request for admissions may be relied on to meet this evidentiary burden if not denied or otherwise objected to by the respondent. *Committee on Professional Ethics & Conduct v. Freed*, 341 N.W.2d 757, 759 (Iowa 1983); Iowa R.Civ.P. 128.

If violated, both disciplinary rules and ethical considerations in the Code of Professional Responsibility are subject to disciplinary sanctions. *Getscher*, 356 N.W.2d at 559. Our determinations in these respects are guided by certain well-recognized standards: "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue in the practice of law." *Committee on Professional Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 20–21 (Iowa 1985).

The gravamen of this complaint is Conzett's handling and aborted resolution of a personal injury suit. We next consider the facts supporting the alleged ethical violations.

## II. *Factual Background.*

Conzett has been licensed to practice law in Iowa since 1962 and has been engaged in general practice in Dubuque since 1964.

Conzett has handled negligence cases during his career, but these have never comprised more than fifteen to twenty percent of his practice. Most of his professional time is devoted to business law.

In late 1986 Conzett agreed to represent Fred Nagel in a personal injury suit arising from an automobile accident on October 30, 1985. Immediately, filing deadlines became problematic for Conzett.

The petition in Nagel's case was filed in Lee County district court on October 30, 1987, the last day before the statute of limitations for the cause of action expired.

The defendants in that case were not served until June 14, 1988, some seven and one-half months after the petition was filed. Apparently, service was prompted by a district court order of June 9, 1988, stating that if proof of service was not on file within ten days, the court would dismiss the action.

On September 15, 1988, the defendants served twenty-six interrogatories on Nagel, which were not answered until February 6, 1989. Conzett's delinquency forced the defendants at a pretrial conference to move for a continuance of the trial date. Conzett did not appear on behalf of his client. The district court granted the defendants' request to enable them to complete discovery.

On July 18, 1989, the district court clerk sent Conzett a "try or dismiss" notice under Iowa Rule of Civil Procedure 215.1. Under it, Conzett had through December 31, 1989, to prosecute the case or face dismissal. Conzett made no record of the notice and did nothing to advance or continue the action.

The action was dismissed by operation of law for lack of prosecution on January 1, 1990.

Conzett did not file a motion to reinstate the case until June 25, 1990, only days before the motion would have been too late. *See* Iowa R.Civ.P. 215.1 (application for reinstatement must be filed within six months from the date of dismissal). The defendants resisted that motion. The district court ultimately denied Conzett's ap-

plication to seek reinstatement, concluding that he failed to show reasonable diligence in preparing and pursuing the case for trial.

Conzett did not appeal this last order and failed to inform Nagel of the dismissal. Nagel first learned of the dismissal on December 20, 1990, when he contacted new counsel.

Nagel's new counsel contacted the Lee county clerk of district court and learned the case had been dismissed under Rule 215.1. Nagel's new counsel verified this with Conzett. Following this disclosure, Conzett met with Nagel in late December 1990. At that time Conzett promised that a settlement offer was imminent.

Two days later Conzett gave Nagel a letter allegedly from the defendants' attorneys. The letter offered $3500 in settlement. In fact, the letter was not written nor authorized by the defendants' attorneys. Conzett had fabricated the document, superimposing the letterhead of the defense counsels' firm and signing the name of one of the defense attorneys.

Immediately on delivery of the false settlement offer, Conzett realized the gravity and irrationality of his conduct. He then told Nagel to leave his office and talk to his other counsel.

Later, Conzett called attorney Barry Lindahl of Dubuque. Conzett told Lindahl what he had done and asked for advice. Lindahl in turn called the ethics committee for advice and was told that Conzett must report his conduct. Conzett did so by letter dated January 8, 1991.

In the interim, Nagel contacted his new counsel as Conzett had instructed. Nagel's new counsel verified the falsity of the purported settlement letter with the defendants' attorneys. Conzett was then contacted. He admitted the untruthfulness of the letter and that a settlement offer was never received.

Nagel's new counsel then reported the matter to the state bar association.

## III. *Findings of the Commission.*

The commission found that Conzett's inaction in prosecuting Nagel's suit demonstrated a conscious disregard of the responsibilities Conzett undertook in agreeing to represent Nagel. The commission further found that Conzett's failure to communicate to his client the Rule 215.1 dismissal of the lawsuit was evidence of deceit. Finally, the commission found that the bogus offer of settlement was evidence of dishonesty, fraud, deceit, and misrepresentation. We agree. The evidence establishes these findings by a convincing preponderance of the evidence.

As the commission found, these multiple instances of neglect, admitted by Conzett, meet the burden of proof for violation of several disciplinary rules and ethical considerations. These include EC 6–1 (a lawyer should act with competence and proper care in representing clients and accept only matters the lawyer is competent to handle) and EC 6–4 (a lawyer should prepare adequately for and give appropriate attention to legal work entrusted to the lawyer). In addition, Conzett's conduct in connection with the false settlement offer constituted a violation of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

## IV. *Discipline.*

■ Like the commission, we commend Conzett for (1) recognizing his obligation to pay Nagel's legal expenses and damages; (2) freely cooperating with the committee; (3) voluntarily reporting his behavior; (4) turning pending negligence cases over to other counsel; and (5) his intended future limitation of practice to those areas in which he possesses expertise. Conzett asked the commission to consider these as mitigating circumstances when formulating its recommendation.

To be sure, these are laudable acts. But none are mitigating factors, as the commission correctly found. *See Freed*, 341 N.W.2d at 759 (damage payment to client is

not a mitigating circumstance). *Accord Committee on Professional Ethics & Conduct v. Havercamp,* 442 N.W.2d 67, 72 (Iowa 1989); *Committee on Professional Ethics & Conduct v. Gardalen,* 414 N.W.2d 124, 129 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Kelly,* 357 N.W.2d 315, 319 (Iowa 1984). Conzett is merely doing what he is already obligated to do.

Conzett's improper actions in handling his client's case are regrettable from any viewpoint. This is particularly true when the conduct we scrutinize today is measured against many years of dedicated service to the profession. But a lawyer's station is never one in which ethics rules are made to be broken. The Code of Professional Responsibility is a floor, not a ceiling, on professional conduct. Conduct falling below this minimal standard is subject to disciplinary sanctions.

We agree with the commission's recommendation that Conzett's license to practice law in Iowa be suspended indefinitely. Unlike the commission, we feel that no possibility of reinstatement for four months from the date of this opinion is appropriate. The suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13.

As a condition of reinstatement Conzett must include in his application an assurance that he will not handle matters which may involve state court litigation unless he either (1) associates with a lawyer experienced in that type of practice or (2) secures our permission upon a showing of acquired proficiency in the relevant area of the law.

Costs are assessed to Conzett pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.