**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellant,**

v.

**Edward B. HARRIS, Appellee.**

No. 94–1070.

Supreme Court of Iowa.

Nov. 23, 1994.

Rehearing Denied Dec. 20, 1994.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for appellant.

Edward B. Harris, pro se.

Considered by HARRIS, P.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

In this lawyer disciplinary proceeding the grievance commission recommended a one-month suspension. On review we are convinced the violations demand a far more severe sanction. We suspend respondent's license indefinitely, with no possibility of reinstatement for three years.

The factual pattern is not uncommon. Frequently the facts in these proceedings begin with a professional oversight or failure. The ensuing embarrassment leads to an unprofessional lack of candor in the form of a "cover-up." Then, as the lawyer feels increasingly entrapped, the matter snowballs. In ascending order of impropriety, several professional violations follow. So what began as ineptness amounting at most to professional negligence, ends in career shattering tragedy. It makes depressing reading.

Respondent Edward B. Harris was admitted to practice in 1973 and has engaged in active practice in Davenport. We are advised of no prior ethical violations.

These troubles began when Harris represented a husband in a dissolution of marriage proceeding. The client's wife was an heiress to a sizable fortune. Although aware the client claimed an interest in a family business, Harris failed to reserve the claim for later litigation. When the client thereafter applied to establish his right to a pension fund, it was denied because it had not been reserved. The wrong was compounded when Harris failed to advise his client of the court's action. Rather, Harris paid the client from his own funds, representing that the money had been awarded by the court.

Still later the client attempted to bring an action against a third party in federal district court. Harris again failed to inform him, and also his new attorney, of the district court ruling that property not specifically mentioned in the dissolution settlement agreement was set aside to the client's wife. Because the third-party action therefore did not belong to the client, the court dismissed it. Harris' failures to disclose these facts violated DR 1–102(A)(4), (5), and (6) of the Iowa code of professional responsibility for lawyers.

Association with the same client during this period gave rise to other ethical violations. When Harris undertook to represent him, the client owned a jewelry collection which he entrusted to Harris for safekeeping. The collection was eventually sold and the proceeds placed in a trust account. By agreement with the client, the trust account was to be used for the client's personal expenses, court costs, and expenses of litigation. Harris however withdrew most of the money from that trust account to apply toward attorney fees. When the client learned of this and objected, Harris wrote him a check from the firm's trust account. This check was for $3000. At the time the client had only $670 in the account so $2330 of the amount was a conversion of funds belonging to other clients.

The committee does not contest Harris' right to a fee, or the amount he earned. But we agree with the committee that violations occurred when Harris applied the funds of the trust account toward the fee without informing his client. Harris' actions in this regard violated DR 9–102(A)(2).

A separate matter related to the jewelry collection was an expensive watch which Harris asked the client to surrender for application as a credit toward legal fees. The client did so, but Harris never accounted for any amount applied toward the fees. This failure violated DR 9–102(B)(3).

Harris has not responded or reacted in any way to these proceedings. He failed to appear or answer. He filed no brief in this appeal, which we granted on the committee's application, to challenge the adequacy of the

sanction (a one-month suspension). In another mistake of grave proportions, he did not cooperate with the committee investigation; he failed to respond to the committee's requests for factual admissions.

■ We have no hesitancy in agreeing with the committee that the sanction is inadequate. Each failure to advise his client of the true facts, of itself, is a serious violation. *Committee on Professional Ethics & Conduct v. Conzett*, 476 N.W.2d 43, 45 (Iowa 1991). Withdrawal from the trust to pay fees without express direction and contrary to the fund's purpose was another serious violation. DR 9–102(B)(1). Replacing the withdrawal by paying the client from trust funds belonging to other clients is a gravely serious ethical violation. DR 9–102. Failure to cooperate with the committee's investigation, a violation of DR 1–102(A)(5), compounds the other violations. We have said that invasion of a client's money routinely demands not suspension but revocation. *Committee on Professional Ethics & Conduct v. Minette*, 499 N.W.2d 303, 305 (Iowa 1993). The foregoing facts, considered alone, would oblige us to revoke Harris' license.

■ Other factors, though, deserve to be weighed into the selection of an appropriate sanction. It is significant, even though clearly not controlling, that these matters were Harris' first ethical violations. On the basis of his past, his misconduct seems to have been out of character. A good past professional record is of course no defense for later professional misconduct. *Committee on Professional Ethics & Conduct v. Bauerle*, 460 N.W.2d 452, 453 (Iowa 1990). But, to whatever extent it might indicate a likelihood of future proper conduct, it is a matter to be weighed in the balance.

■ Harris is not charged with obtaining funds for himself beyond those fairly earned as fees. Again, misconduct cannot be justified on the mere basis of lack of personal gain. *Bauerle*, 460 N.W.2d at 453 (damage occurs even though not motivated by a lawyer's own interest). We nevertheless think this fact militates in favor of a lighter sanction.

We are left with gross misconduct that demands a severe sanction, but think it calls for something less than revocation. Edward B. Harris' license to practice law is suspended indefinitely and shall not be reinstated for three years from the date of this opinion. This suspension applies to all facets of the practice of law in accordance with court rule 118.12.

**LICENSE SUSPENDED.**