**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Steven E. MAYER, Respondent.**

**No. 97–1357.**

Supreme Court of Iowa.

Nov. 26, 1997.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Steven E. Mayer, Clinton, pro se.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

 This matter comes before us on a review of the findings and recommendations of the Grievance Commission concerning a disciplinary complaint against respondent, Steven E. Mayer, a practicing attorney. Our review of that recommendation is required pursuant to Iowa Supreme Court Rule 118.10. We give respectful consideration to the findings and recommendations of the Grievance Commission but are free to make all necessary determinations anew. *Committee on Prof'l Ethics & Conduct v. Freed,* 341 N.W.2d 757, 758 (Iowa 1983).

 The Grievance Commission found that in June 1986 Loren Wessels engaged

respondent to seek modification of the custody and child support provisions of a 1980 decree dissolving Loren's marriage to Jami Wessels. The 1980 decree had granted Jami custody of the parties' only child, then age four, and had required Loren to pay child support. In accordance with an oral agreement with Jami, Loren had assumed custody of the child in June of 1986. That prompted Loren to engage respondent for purposes of obtaining a modification of the 1980 decree reflecting the de facto change in the custody arrangement and terminating Loren's child support obligation.

To accomplish Loren's goal, respondent prepared a stipulation that authorized the district court to modify the 1980 dissolution decree so as to grant custody of the parties' child, then age ten, to Loren and to terminate Loren's child support obligation retroactive to June 13, 1986. That stipulation was signed by both Loren and Jami in September 1986. Loren assumed that respondent would take some immediate action seeking the court's approval of the stipulation and modification of the decree. In fact, respondent delayed doing that for more than ten years.

The September 1986 stipulation was not presented to the district court for consideration until June 24, 1997, many months after the present disciplinary complaint was filed and less than thirty days prior to the hearing before the Grievance Commission. The district court on that date approved the stipulation and modified the decree so as to grant custody of the parties' minor child to Loren and terminate Loren's child support obligation retroactive to June 13, 1986.

During the more than ten-year delay between the signing of the stipulation and its presentation to the court, the clerk of the district court was reporting Loren's failure to make child support payments to that office to child support recovery authorities. When those authorities contacted Loren in 1989, he contacted respondent and asked for an explanation of the situation. The respondent advised him at this time that there had been a "mix-up" and that he would take care of the matter. Later, and on more than one occasion, income tax refunds due Loren were intercepted by child support recovery author-ities. Loren's telephone calls to respondent concerning this problem were not returned.

In December 1994 Loren went to respondent's office seeking to converse with him in person concerning this matter. Respondent refused to see him, and respondent's receptionist asked Loren to leave. In August 1995 Loren advised respondent in writing that if he did not receive some communication on this matter he would file a complaint with bar conduct authorities. When that letter was not answered, Loren did file the present complaint. Respondent only acted to obtain modification of the decree when the time for hearing on the complaint before the Grievance Commission was drawing near.

Based on these facts, the Grievance Commission found that respondent had violated DR 6–101(A)(3) of the Iowa Code of Professional Responsibility for Lawyers by neglecting a legal matter of a client that had been entrusted to him. Although there was no evidence that respondent had specifically told Loren that the stipulation had been presented to the court when it in fact had not, the Grievance Commission concluded that the clear implication of respondent's comments to Loren about a "mix-up" constituted a misrepresentation in violation of DR 1–102(A)(4).

The Grievance Commission also correctly noted that respondent had been the subject of two previous public reprimands. The first reprimand involved permitting a client's action to be dismissed for want of prosecution and failing to keep his client advised with respect to that claim. The second reprimand involved unwarranted delinquencies in concluding a probate matter. In considering a proper disposition of the violations found to have occurred on the present complaint together with respondent's prior violations of the Code of Professional Responsibility, the Grievance Commission recommended that his license be suspended for an indefinite period of time not less than three months.

■ The standard of proof in a disciplinary proceeding is a convincing preponderance of the evidence. *Committee on Prof'l Ethics & Conduct v. Hurd*, 375 N.W.2d 239, 246 (Iowa 1985). In reviewing the record, we conclude that the Grievance Commission's

findings concerning respondent's violation of disciplinary rules are clearly supported by that standard of proof. We find that respondent's conduct in this matter was deceitful towards his client as well as constituting an egregious neglect of duty. Considering the severity of the present violations in conjunction with respondent's prior violations of the Code of Professional Responsibility, we conclude that no lesser sanction than that recommended by the Grievance Commission is appropriate. Although some argument might be advanced in favor of a greater sanction, we adopt the recommendation of the commission.

The license of respondent, Steven E. Mayer, is hereby suspended indefinitely with no possibility of reinstatement for three months from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13, including proof of giving notice of this suspension to all of respondent's clients and proof of the discontinuance of his practice in all respects. Costs of this action are assessed against respondent.

**LICENSE SUSPENDED.**