IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,

v.

Joseph B. REEDY, Respondent.

No. 98–1143.

Supreme Court of Iowa.

Nov. 25, 1998.

Norman G. Bastemeyer, Charles L. Harrington, and David J. Grace, Des Moines, for complainant.

David E. Richter, Council Bluffs, for respondent.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and CADY, JJ.

CARTER, Justice.

■ This matter comes before us on a review of the findings and recommendations of the Grievance Commission concerning a disciplinary complaint against respondent, Joseph B. Reedy, a practicing attorney. Our review of that recommendation is required pursuant to Iowa Supreme Court Rule 118.10. We give respectful consideration to the findings and recommendations of the Grievance Commission but are free to make all necessary determinations anew. *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Mayer,* 570 N.W.2d 647, 647 (Iowa 1997); *Committee on Prof'l Ethics & Conduct v. Freed,* 341 N.W.2d 757, 758 (Iowa 1983).

The Grievance Commission found that prior to 1995 respondent represented Benjamin Eisenmann, who lived in Omaha, Nebraska. Mr. Eisenmann was in failing health and in April 1995 moved to a nursing home at Malvern, located in Pottawattamie County, Iowa. Two months later, Mr. Eisenmann died. His stepdaughter, Pauline Allen, was appointed as his executor and retained respondent to handle the probate proceeding in Pottawattamie County and an ancillary probate proceeding in Douglas County, Nebraska.

Respondent and Pauline Allen entered into an agreement, which provided that respondent would receive the sum of $8000 as full payment for unbilled fees owed for work performed for the decedent during his life-

time and the fee to be paid for the probate and ancillary probate proceedings. Respondent had already filed the estate inventory and some other reports before this agreement was made but had filed no request for approval of fees by the probate court.

The agreed fee was paid to respondent by the Eisenmann estate in two installments. The first installment was paid on January 2, 1996, in the amount of $7000. The second installment was paid on March 27, 1996, in the amount of $1000. The $7000 payment was placed in respondent's trust account upon receipt, but the full amount of that payment was withdrawn by respondent for his personal use on January 31, 1996, without court order and while the estate was still pending. The $1000 payment was never placed in respondent's trust account.

Respondent did timely perform all necessary work in connection with the Iowa and Nebraska probate proceedings. He also prepared Mr. Eisenmann's final personal income tax returns for 1995, both state and federal. He obtained Pauline Allen's signature on those returns and checks to the Internal Revenue Service and Treasurer of Iowa for the tax owed. These checks were written on a joint account that Pauline Allen shared with her mother (Mr. Eisenmann's widow). These tax returns were due on April 15, 1996, and were signed by Pauline Allen on March 27, 1996. Respondent failed to file the returns when due. When Pauline later inquired of respondent concerning why her checks had not been returned to the bank, he falsely stated that he had filed the returns with checks written on his own checking account. He sought to support this misrepresentation by showing Pauline false copies of the checks claimed to have been written.

Ultimately, Pauline learned from the Internal Revenue Service in October 1996 that the federal income tax return had not been filed nor had any payment of the tax owed been made. She then filed the complaint that precipitated an investigation and formal complaint by the Iowa Supreme Court Board of Professional Ethics and Conduct. Respondent ultimately filed Mr. Eisenmann's 1995 state and federal income tax returns and paid the tax owed plus interest and penalty.

■ The Board of Professional Ethics and Conduct has charged respondent with several violations of the Iowa Code of Professional Responsibility for Lawyers. These include violation of

DR 6–101(A)(3) Neglect of a client's legal matter

DR 1–102(A)(4) Engaging in conduct involving deceit or misrepresentation

DR 2–106(A) Attempting to collect an illegal or excessive fee

DR 9–102 Failure to properly preserve the funds of the client in the lawyer's trust account

The standard of proof in a disciplinary proceeding is a convincing preponderance of the evidence. *Mayer*, 570 N.W.2d at 648–49; *Committee on Prof'l Ethics & Conduct v. Hurd*, 375 N.W.2d 239, 246 (Iowa 1985). We apply that standard in our determination of the asserted violations.

The Grievance Commission found that respondent's neglect of client affairs by failing to send the completed tax returns and the client's checks for payment of the tax to the proper revenue authorities within the time prescribed by law was a violation of DR 6–101(A)(3). We fully agree with that conclusion. The commission also found that the misrepresentation made to Pauline Allen concerning payment of the tax was a violation of DR 1–102(A)(4). We are fully satisfied that this conclusion is supported by the evidence.

■ On the attorney-fee issues, the commission found that the amount of the fee was not excessive but that respondent violated DR 2–106(A) in not securing court approval before taking the fee and violated Iowa Rule of Probate Procedure 2(d) in taking more than half of the fee before the estate was closed. We agree with these findings and conclusions. Although the agreement with the client made no allocation of the fee between the work performed for the decedent prior to his death and the probate proceedings, it clearly appears that the major portion of the fee was for the probate matters. Attorneys are prohibited from receiving probate administration fees until after the

amount is fixed by the court. Iowa Code §§ 633.197, .198 (1995); *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Smith,* 569 N.W.2d 499, 502–03 (Iowa 1997); *Committee on Prof'l Ethics & Conduct v. Winkel,* 415 N.W.2d 601, 603 (Iowa 1987). Iowa Rule of Probate Procedure 2(d) provides that payment of one-half of the attorney fees may be authorized after the federal estate and Iowa inheritance tax returns have been filed, with the balance payable only upon court approval of the final report. *Winkel,* 415 N.W.2d at 603.

We disagree with the Grievance Commission's negative finding that the board failed to establish by the requisite quantum of proof that respondent had violated DR 9–102 by not placing the $1000 fee payment in his trust account. Our decision in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Apland,* 577 N.W.2d 50, 54–56 (Iowa 1998), makes clear that no fee for services not yet performed is per se nonrefundable. *See* DR 2–110(A)(3). Apland interprets DR 9–102 as requiring lawyers to deposit *all* advance fee payments into a client trust account. The $1000 payment received by respondent in March of 1996 was clearly an advance fee payment because respondent had withdrawn the entire amount of the initial $7000 payment from his trust account, and there was yet work to be performed when he accepted the additional $1000 payment.

With respect to the discipline to be imposed, the Grievance Commission recommended that respondent be admonished with respect to the fee violations and publicly reprimanded with respect to the other violations found to have occurred. Although the various violations standing alone might warrant the discipline recommended by the Grievance Commission, *see Iowa Supreme Court Board of Professional Ethics & Conduct v. Kelly,* 577 N.W.2d 648, 649 (Iowa 1998) (reprimand deemed appropriate for neglecting client's affairs and misrepresenting progress of work); *Winkel,* 415 N.W.2d at 603 (reprimand deemed appropriate for premature withdrawal of fees without court order when fee was otherwise earned), we are convinced that the cumulative impact of the offenses in the present case warrant suspension of respondent's license. *See Smith,* 569 N.W.2d at 503 (thirty-day suspension warranted for improper taking of probate fee and misrepresenting circumstances to court).

 We suspend the license of respondent, Joseph B. Reedy, to practice law in this state indefinitely, with no possibility of reinstatement for thirty days from the date of this opinion. This suspension shall apply to all facets of the practice of law. *See* Ct. R. 118.12. Upon application for reinstatement, the respondent shall furnish proof that he has complied with the notification and disengagement requirements of rules 118.13 and 118.18. Costs are assessed to the respondent.

**LICENSE SUSPENDED.**