**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS & CONDUCT, Complainant,**

v.

**Jeffrey L.L. STEIN, Respondent.**

No. 99–1350.

Supreme Court of Iowa.

Dec. 22, 1999.

Norman G. Bastemeyer, and Charles L. Harrington, Des Moines, for complainant.

Jeffrey L.L. Stein, pro se, for respondent.

Considered by LARSON, P.J., and LAVORATO, SNELL, CADY, and HARRIS,* JJ.

CADY, Justice.

This is an attorney disciplinary proceeding involving Jeffrey L.L. Stein of Waverly, Iowa. A division of the Grievance Commission recommended an indefinite suspension with no possibility of reinstatement for five years based on persistent deception and misrepresentation, neglect, and failing to cooperate with the Board of Professional Ethics and Conduct. On our review, we impose an indefinite suspension of not less than two years.

## I. Background Facts and Proceedings.

Jeffrey Stein was admitted to the practice of law in Iowa in 1988. He was a sole practitioner in Marshalltown until September 1988 when he left the law practice to become an assistant professor at Waverly College.

Stein received a public reprimand in May 1998 and had his license to practice law suspended for a minimum period of 180 days in November 1998. The suspension resulted from conduct involving neglect and misrepresentation to the court and opposing counsel. Stein has not sought reinstatement of his license.

The present disciplinary action involves neglect of a real estate transaction, compounded by prolonged and overt attempts to conceal the neglect. In June 1997, Stein prepared a title opinion preliminary to the purchase of real estate by a client. The opinion noted the existence of a prior contract for sale, but indicated the contract had been forfeited. The title opinion, however, failed to reveal the forfeiture was not recorded.

The bank which financed the real estate transaction subsequently requested Stein to issue a final title opinion showing the priority position of its mortgage. Despite repeated requests, Stein failed to issue the title opinion. Finally, in December 1997, Stein informed the bank that the final title opinion had not been issued because the affidavit of forfeiture of contract inadvertently did not appear on the abstract. However, he assured the bank there was no problem because he had "personally" performed the forfeiture requirements and would make sure the problem was resolved. In truth, Stein never performed the legal requirements for forfeiture of the contract, and notice of forfeiture was never given.

Stein continued to stonewall the bank in the months following the December disclosure. He repeatedly made additional false statements to the bank, and others, to the effect that the contract had been properly forfeited. Stein even sent the bank a fabricated affidavit of publication falsely declaring that he caused notice of forfeiture to be published in a local newspaper. The misrepresentations eventually surfaced and Stein's conduct was reported to the Board in May 1998. Stein failed to respond to the first two letters sent to him from the Board.

Following a hearing on a complaint brought by the Board, the Grievance Commission found Stein violated several provisions of the Iowa Code of Professional Responsibility for Lawyers: DR 1–102(A)(5) and (6) (failure to cooperate with the Board); DR 6–101(A)(3) and DR 7–101(A) (neglect and negligence); and DR 1–102(A)(4), (5) and (6) (dishonesty, fraud, deceit or misrepresentation). Stein acknowledged the core facts presented at the hearing, and expressed remorse for his actions. He believed his conduct resulted

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

from a behavioral disorder which gave him a feeling of invincibility and caused him to engage in the pattern of avoidance. Stein has sought professional counseling, which has helped him gain insight into his behavior. Although he left the practice of law for the teaching profession, Stein wants a future opportunity to seek reinstatement of his license to practice law.

The Commission recommended Stein be suspended for five years. It further recommended he continue to receive counseling.

## II. Standard of Review.

█ We review the findings and recommendations of the Grievance Commission de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 254 (Iowa 1996). We give respectful consideration to the findings and recommendations of the Commission, but are not bound by them. *Id.*

## III. Discipline.

█ The violation of a disciplinary rule must be established by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mayer*, 570 N.W.2d 647, 648 (Iowa 1997). The evidence in this case convincingly establishes Stein violated the disciplinary rules identified by the Commission. The most serious violation concerns the persistent course of deceit and misrepresentation. The thrust of our consideration concerns the discipline to be imposed.

█ The discipline to result for misconduct involving neglect and lack of diligence has ranged from public reprimand to suspension. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sprole*, 596 N.W.2d 64, 66 (Iowa 1999). Misrepresentation and deceit has resulted in a lengthy suspension of the license to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Romeo*, 554 N.W.2d 552, 554 (Iowa 1996); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Clauss*, 530 N.W.2d 453, 455 (Iowa 1995). It constitutes a grave and serious breach of professional ethics. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Alexander*, 574 N.W.2d 322, 327 (Iowa 1998). Nevertheless, the appropriate sanction in any disciplinary case rests with the particular facts and circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sylvester*, 548 N.W.2d 144, 147 (Iowa 1996). Additionally, we not only consider the nature of the violations, but also the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the respondent's fitness to continue to practice law. *Sprole*, 596 N.W.2d at 66.

The most serious violation in this case involves the misrepresentation and deceit. Moreover, this is not the first time Stein has engaged in such conduct. *See Clauss*, 530 N.W.2d at 455 (past unethical conduct considered aggravating circumstance). Yet, the conduct does appear to have been confined to the last few years of practice, and Stein has sought psychiatric counseling. He has taken steps to confront his behavior and recognizes its adverse consequences. Although he has caused harm to others, and placed the profession in disrepute, his deceitful conduct was not motivated by personal gain. *See Committee on Prof'l Ethics & Conduct v. Harris*, 524 N.W.2d 179, 181 (Iowa 1994) (lack of personal gain does not excuse misconduct but may militate in favor of a lighter sanction).

Considering all the circumstances of this case, we indefinitely suspend the license of Jeffrey L.L. Stein to practice law in Iowa, with no possible reinstatement for two years from the filing of this opinion. The suspension applies to all facets of the practice of law. *See* Iowa Sup.Ct. R. 118.12. Upon application for reinstatement, Stein shall have the burden of proving he has not practiced law during the period of suspension and has met the client notification requirements of Rule 118.18. Any application for reinstatement shall be governed by Court Rule 118.13. Costs are

assessed against Stein. *See* Iowa Sup.Ct. R. 118.22.