626 N.W.2d 130 (2001)
Iowa SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,
v.
Michael R. STOWERS, Respondent.
No. 01-0014.
Supreme Court of Iowa.
April 25, 2001.
*131 Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.
Michael R. Stowers, West Des Moines, respondent, pro se.
Considered en banc.
NEUMAN, Justice.
This case illustrates an unfortunate but not uncommon fact patterna lawyer who neglects a client's legal matter and then misrepresents the situation to cover up the neglect. A division of the Grievance Commission found that attorney Michael Stowers engaged in such conduct, thus violating several provisions of the Iowa Code of Professional Responsibility. It recommends that we suspend Stowers' license to practice law for a minimum of thirty days. On our de novo review under Iowa Supreme Court Rule 118.10, we agree with the Commission's findings and recommended sanction.

I. Background Facts and Proceedings.
Michael Stowers was admitted to practice law in Iowa in January 1993. His practice has centered primarily on immigration and court-appointed criminal work. At the time of the hearing, Stowers was reevaluating his professional calling. He was refusing to accept new clients and otherwise winding down his law practice.
The case before us concerns Stowers' representation of Biplab Roy, an Indian citizen. In February 1998, Stowers agreed to petition for a National Interest Waiver on Roy's behalf so that he could become a permanent resident of the United States. The waiver petition would permit Roy to seek permanent resident status without going through the more lengthy labor certification process. Roy paid Stowers a $500 retainer.
Stowers failed to file the petition. Roy contacted Stowers several months later, via e-mail, to inquire about the status of his application. Stowers initially told Roy that he would file the petition "by the end of the week." Roughly two weeks later, Stowers told Roy that he had filed the waiver petition. He had not, in fact, done so. He nevertheless told Roy he would send him a copy of the petition. Roy's later requests for the copy were repeatedly met by Stowers' response that he was "swamped" and would mail a copy soon.
*132 Roy eventually requested a copy of his petition from the regional office of the Immigration and Naturalization Service. It was then, in December 1998, that Roy learned no waiver petition had been filed on his behalf. Roy confronted Stowers, who admitted that he had not filed the petition as he had claimed. Stowers immediately refunded Roy's $500 retainer, and also offered to reimburse Roy for any attorney fees incurred in connection with engaging another attorney to handle the labor certification process.
Based on Roy's complaint, the Board of Professional Ethics and Conduct (Board) charged Stowers with violating the following provisions of the Iowa Code of Professional Responsibility: DR 1-102(A)(4) and (6) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation which adversely reflects on fitness to practice law), DR 6-101(A)(3) (neglecting a client's legal matter), and DR 7-101(A)(1) and (2) (failing to seek lawful objective of client through reasonable means and failing to carry out contract of employment).
The Board served Stowers with a request for admissions. Stowers filed no responses. He did, however, send a letter to the Board in which he admitted both his failure to file Roy's waiver petition and his lies to cover up his neglect. Stowers also expressed his belief that neither Roy's immigration status nor his ability to obtain permanent residency were prejudiced by Stowers' failure to file the waiver petition because Roy had been proceeding through the labor certification process at the same time. Neither did Stowers believe that Roy's waiver application would ultimately be successful.
At the subsequent hearing before the Grievance Commission, Stowers fully admitted his transgressions. Based on Stowers' testimony and the Board's request for admissions, the Commission concluded that Stowers' failure to file Roy's waiver petition constituted neglect of a client's legal matter and failure "to pursue completion of it with reasonable diligence," in violation of DR 6-101(A)(3) and DR 7-101(A). Further, Stowers' attempted coverup involved deceit and misrepresentation in violation of DR 1-102(A)(4). The Commission also found that Stowers' misconduct reflected adversely on his fitness to practice law, in violation of DR 1-102(A)(6).

II. Scope of Review.
The matter is now before us for de novo review. Ct. R. 118.10; Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein, 603 N.W.2d 574, 576 (Iowa 1999). The burden rests upon the Board to prove its allegations by a convincing preponderance of the evidence. Stein, 603 N.W.2d at 576. Although we give respectful consideration to the findings of the Commission, we are not bound by them. Id. Our task is to determine whether a professional canon has been breached and, if so, to impose an appropriate sanction based on the unique facts of the case. Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D'Angelo, 619 N.W.2d 333, 337 (Iowa 2000).

III. Analysis and Sanction.
By his own admission, Stowers failed to file a waiver petition on Roy's behalf and then claimed that he had filed the petition in order to conceal his own neglect. Such neglect clearly violates Stowers' duty to work diligently to achieve a client's lawful objective as required by DR 6-101(A)(3) and DR 7-101(A). See, e.g., Stein, 603 N.W.2d at 575-76; Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mayer, 570 N.W.2d 647, 648-49 (Iowa 1997); Comm. on Prof'l Ethics & Conduct v. Conzett, 476 N.W.2d 43, 44-45 *133 (Iowa 1991). Stowers' conduct also violated his duty under DR 1-102(A)(4) not to deceive or make misrepresentations. See, e.g., Stein, 603 N.W.2d at 575-76; Mayer, 570 N.W.2d at 648-49; Conzett, 476 N.W.2d at 45. The fact that Stowers believed Roy's petition would not result in a waiver or that his neglect did not prejudice Roy's ability to become a permanent resident does not excuse his failure to file the petition in the first place. See Comm. on Prof'l Ethics & Conduct v. Iverson, 505 N.W.2d 494, 496 (Iowa 1993) (respondent's claim that client suffered no prejudice because he did not have a good case did not excuse lawyer's "failure to practice law on his client's behalf").
The Commission also correctly determined that Stowers' neglect and misrepresentation reflect adversely on his fitness to practice law. See DR 1-102(A)(6). We have previously observed that fitness encompasses more than just legal competence. Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Marcucci, 543 N.W.2d 879, 882 (Iowa 1996). DR 1-102(A)(6) applies to "conduct that lessens public confidence in the legal profession." Id. Stowers' neglect in failing to file Roy's waiver petition and his deceit in covering up his failure add to a long line of attorney disciplinary cases sanctioning similar conduct. Each time an attorney betrays a client's trust by failing to fulfill professional obligations, and then compounds the damage by intentionally concealing the failure, public confidence in our profession is diminished.
The question is what sanction should be imposed to redress the violations at issue here. In identifying an appropriate sanction, we consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and [the court's] duty to uphold the integrity of the profession in the eyes of the public." Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming, 602 N.W.2d 340, 342 (Iowa 1999).
Similar cases involving neglect and subsequent misrepresentation to conceal an attorney's inaction confirm that such misconduct generally warrants some period of suspension. See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Adams, 623 N.W.2d 815, 818 (Iowa 2001) (three-month suspension for neglecting to file bankruptcy petition and subsequent misrepresentation causing clients delay in discharging debts); Stein, 603 N.W.2d at 576 (two-year suspension for neglect of work and misrepresentation to client over period of years); Mayer, 570 N.W.2d at 649 (three-month suspension for neglecting to file custody stipulation for ten years and misrepresentation that failure to file stipulation was result of "mix-up"); Conzett, 476 N.W.2d at 46 (four-month suspension for failure to prosecute personal injury case and failure to tell client case had been dismissed); Comm. on Prof'l Ethics & Conduct v. Havercamp, 442 N.W.2d 67, 72-73 (Iowa 1989) (six-month suspension for neglecting collection lawsuit in estate administration and related misrepresentations). But see Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Kelly, 577 N.W.2d 648, 649 (Iowa 1998) (public reprimand for failure to promptly seek requested modification of divorce decree, followed by unconvincing assertion that neglect resulted from breakdown in communication with opposing counsel).
The fact that Stowers promptly returned Roy's $500 retainer is not a mitigating factor. See Havercamp, 442 N.W.2d at 72. Our ethical canons impose a duty on an attorney to return any unearned fees. Iowa Code of Prof'l Responsibility DR 2-110(A)(3). Stowers only did what he was ethically obligated to do.
*134 Nor are we constrained by Stowers' testimony that he was "suspending [himself] from the practice of law until [he], if ever, [is] able to resolve" his personal problems, including a growing inability to timely address his clients' matters. While Stowers' decision may be wise, it does not qualify as a mitigating factor in so far as an appropriate sanction is concerned. See Adams, 623 N.W.2d at 819; Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hansel, 558 N.W.2d 186, 192 (Iowa 1997).
Finally, we do note that Stowers' deceit was not motivated by personal gain. While this does not excuse Stowers' conduct, it does militate in favor of a lighter sanction. See Stein, 603 N.W.2d at 576.
To summarize, Stowers' failure to file Roy's waiver petition and his dishonesty in claiming otherwise breached the trust at the heart of his lawyer-client relationship with Roy. We concur in the Commission's recommendation that this breach warrants suspension of Stowers' license to practice law in this state, with no possibility of reinstatement for thirty days.
This suspension applies to all facets of the practice of law. See Ct. R. 118.12. Costs are assessed to Stowers in accordance with Court Rule 118.22. Stowers must also furnish proof that he has not practiced law during the period of suspension and that he has in all other ways complied with the dictates of Court Rule 118.18.
Pursuant to a recent amendment to Court Rule 118.12, Stowers' license will be reinstated automatically upon completion of his suspension and payment of costs unless, during the suspension period, the Board files an objection with this court. In such event, automatic reinstatement will be stayed and the matter shall be set for hearing in accordance with the notice requirements of Rule 118.13. See also Ct. R. 118.18 (effective Apr. 2, 2001, time for compliance with rules 118.18(c) and (g) reduced to fifteen days for respondents exempt from filing application for reinstatement under rule 118.12).
LICENSE SUSPENDED.