**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Douglas D. DAGGETT, Respondent.**

No. 02–0951.

Supreme Court of Iowa.

Nov. 14, 2002.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Douglas D. Daggett, Creston, pro se.

STREIT, Justice.

Douglas D. Daggett, an Iowa attorney, is charged with neglecting his client's legal matters, making a misrepresentation to the court, and failing to respond to the complaints against him. The Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint against Daggett with our Grievance Commission alleging he violated several ethical rules. The Commission recommended we suspend Daggett's license to practice law for sixty days. Our review is required by Iowa Court Rule 35.10 (2002). We concur with the Commission's findings and recommended sanction.

## I. Background and Facts

Douglas D. Daggett has practiced law in Union County since May 1997. On December 23, 1999, the Black Hawk County district court appointed Daggett to handle an appeal for Raymond Birden who had previously been found in contempt of court for violating a no-contact order. On February 3, 2000, Daggett filed a motion to extend the time for filing a petition for writ of certiorari with our court. We granted the motion, giving Daggett until March 1, 2000, to file such petition.

March 1 passed and Daggett did not file the petition for certiorari. On March 10, the Iowa Supreme Court clerk issued a notice of default. Daggett had fifteen days to remedy the situation. If Daggett

failed to do so, Birden's appeal would be dismissed pursuant to Iowa Rule of Appellate Procedure 6.19(1) (2001). Because Daggett did not file the appeal, on April 19, 2000, the clerk entered an order dismissing the appeal. Birden was incarcerated.

After the clerk dismissed Birden's petition, Daggett filed an application in district court for appointment of new counsel to represent Birden. He also filed an application requesting Birden's immediate release from custody. During a hearing on the motion, Daggett told Associate District Court Judge Moothart he filed an application for reinstatement of the certiorari proceedings with our court. Daggett said the matter was pending and he was awaiting a ruling on the application. In reality, Daggett prepared an application for reinstatement but did not actually file it with our court. Daggett knew his representations to the judge were false.

In June 2000, Birden filed a pro se motion in Judge Moothart's court for reconsideration. Birden asserted Daggett never filed an application for reinstatement of the certiorari action. The judge entered an order directing Daggett to file a written response by July 10, 2000. Daggett did not file a response to his client's allegations.

In both July and August 2000, the Iowa Supreme Court Board of Professional Ethics & Conduct served notices of complaint on Daggett. The Board sent a follow-up letter to Daggett in September, but Daggett failed to respond to the complaint. The Board then filed the petition for disciplinary action.

Daggett testified during hearings on the matter. He admitted most of the factual allegations made by the Board. Daggett asserted that his professional problems stemmed from his depression related to the dissolution of his marriage. He testi-fied he was in the process of scaling back his law practice because he did not believe he could adequately represent all of his clients.

## II. Scope of Review

■ We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rauch,* 650 N.W.2d 574, 576 (Iowa 2002); Iowa Ct. R. 35.10. We give respectful consideration to the Grievance Commission's findings and recommendations, but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold,* 642 N.W.2d 288, 293 (Iowa 2002). The Board has the burden to prove misconduct by a convincing preponderance of the evidence. *Id.*

## III. Violations

The Commission found Daggett committed multiple violations of our rules of professional responsibility. Daggett does not contest any of the relevant facts or that his conduct violated our ethical rules. His violations are based on neglect of his client's legal matter, a misrepresentation to the court, and failure to respond to the Board's inquiries. *See* DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (conduct prejudicial to the administration of justice), and (6) (conduct that adversely reflects on fitness to practice law); DR 6–101(A)(3) (neglect of client's legal matters); DR 7–101(A) (lawyer shall not fail to seek the lawful objectives of a client or fail to carry out a contract of employment for professional services); DR 7–106(A) (lawyer shall not disregard a standing order of a tribunal). The Commission recommended we suspend Daggett's license to practice law for sixty days. We agree with the Commission's findings and recommendation.

## A. Neglect of a Client's Legal Matters

■ First, Daggett neglected his client's legal matters by failing to comply with appellate deadlines. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 653–54 (Iowa 2001) (neglect of criminal appeal and personal injury action). Such conduct not only constitutes neglect, but also amounts to conduct that is prejudicial to the administration of justice. *See* DR 1–102(A)(5); *Comm. on Prof'l Ethics & Conduct v. Thomas*, 495 N.W.2d 684, 686 (Iowa 1993).

Throughout Daggett's representation of Birden, Daggett failed to completely address and follow-through with his duties in prosecuting Birden's appeal. Daggett did not file the certiorari petition. Even after the supreme court clerk alerted Daggett to this error, Daggett did not respond. He did not file an application for reinstatement of the appeal. Daggett violated DR 1–102(A)(5) (conduct prejudicial to administration of justice) and (6) (conduct that adversely reflects on fitness to practice law), DR 6–101(A)(3) (neglect), and DR 7–101(A) (lawyer shall not fail to seek lawful objectives of a client or fail to carry out contract of employment).

## B. Misrepresentation

■ The Commission also found Daggett made a misrepresentation to the court. The court held a hearing on Birden's application for appointment of new counsel and immediate release from custody. During the hearing, the court inquired as to the status of the application for reinstatement. The court said to Daggett "you're indicating that you have an application to reinstate these matters filed with the Supreme Court?" Daggett responded, "Yes, Your Honor." He said the application was pending and they were currently awaiting a ruling on the application. In fact, though Daggett had prepared the application, he did not file it. Daggett's statement at best reflects his belief that he would quickly file the application after speaking with the judge at the hearing. Regardless of Daggett's intentions, his misrepresentation speaks of knowingly deceiving the court. Daggett admits he made a misrepresentation before the court. His "casual, reckless disregard for the truth" warrants discipline. *See Grotewold*, 642 N.W.2d at 293; *accord Rauch*, 650 N.W.2d at 578–79; *Hohenadel*, 634 N.W.2d at 655–56 (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Adams*, 623 N.W.2d 815, 819 (Iowa 2001); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein*, 603 N.W.2d 574, 576 (Iowa 1999)); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Alexander*, 574 N.W.2d 322, 326–27 (Iowa 1998).

As we have said before,

[f]undamental honesty is the base line and mandatory requirement to serve in the legal profession. The whole structure of ethical standards is derived from the paramount need for lawyers to be trustworthy. The court system and the public we serve are damaged when our officers play fast and loose with the truth.

*Rauch*, 650 N.W.2d at 579 (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lesyshen*, 585 N.W.2d 281, 288 (Iowa 1998)). Because honesty is crucial to the judicial process and administration of justice, a misrepresentation by a lawyer "generally results 'in a lengthy suspension of the license to practice law.'" *Hohenadel*, 634 N.W.2d at 656 (quoting *Stein*, 603 N.W.2d at 576). We find the Board proved by a convincing preponderance of the evidence that Daggett violated DR 1–102(A)(4) for conduct involving dishonesty, fraud, deceit, or misrepresentation.

## C. Failure to Respond

■ The Commission asserts Daggett did not comply with a court order. In a letter, Birden informed the court that Daggett lied when he said he filed the application for reinstatement. The court ordered Daggett to "file a written response to the allegations contained in the defendant's letter by July 10, 2000." Daggett did not respond. He argues that a response was unnecessary because he admitted to the facts. Daggett also asserts he thought the court's order was not mandatory but that it was merely a request for a voluntary statement. By not complying with the court's clear order, Daggett violated DR 1–102(A)(5) (conduct prejudicial to administration of justice) and DR 7–106(A) (lawyer shall not disregard a standing order of a tribunal).

■ Daggett also did not respond to the Board's inquiries in this matter. Despite the three opportunities the Board gave Daggett to answer, he did not. Daggett violated DR 1–102(A)(5) (conduct prejudicial to administration of justice) and (6) (conduct that adversely reflects on fitness to practice law).

## IV. Sanction

■ In fashioning an appropriate sanction we consider " 'the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue in the practice of law.' " *Hohenadel*, 634 N.W.2d at 655 (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Freeman*, 603 N.W.2d 600, 603 (Iowa 1999)). We also give weight to both aggravating and mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman*, 637 N.W.2d 183, 187 (Iowa 2001).

■ Daggett offers his domestic difficulties as a mitigating circumstance. We have before recognized that an attorney's depression may have an impact on his or her professional performance. However, "the personal problems of a lawyer that may contribute to the commission of unethical conduct do not excuse the misconduct." *Grotewold*, 642 N.W.2d at 295 (citing *Adams*, 623 N.W.2d at 818; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Thompson*, 595 N.W.2d 132, 134 (Iowa 1999)).

Daggett has one previous ethical infraction resulting in a public reprimand. In February 1999, Daggett was reprimanded for failing to respond to the Board's investigation of an earlier complaint in violation of DR 1–102(A)(5) (conduct prejudicial to administration of justice) and (6) (conduct adversely reflecting on fitness to practice law). Given Daggett's prior reprimand for his failure to respond to the Board's inquiries, he surely was aware that future similar conduct would warrant a sanction.

Another aggravating circumstance is the fact that Daggett's neglect of Birden's case harmed his client. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Jay*, 606 N.W.2d 1, 4 (Iowa 2000) (harm to client is an aggravating factor warranting more serious sanction). Daggett admits his neglect caused Birden's appeal to be dismissed for want of prosecution. As a direct consequence of the dismissal of the certiorari matter, Birden's appeal bond was revoked and he was taken back into custody.

■ Daggett not only neglected his client, but tried to conceal his neglect by lying to the court. Neglect standing alone typically warrants discipline ranging from a public reprimand to a six-month suspension. *Hohenadel*, 634 N.W.2d at 655 (citing *Freeman*, 603 N.W.2d at 603). When neglect is compounded by an attorney's

misrepresentation, however, a more severe sanction is necessary. *Id.; see also Grotewold,* 642 N.W.2d at 294 (sixty-day suspension for misrepresentation and neglect where record did not indicate link between serious depression and falsehoods on the court); *Rauch,* 650 N.W.2d at 580 (one-year suspension for misrepresentation, neglect and improper ex parte communications); *Hohenadel,* 634 N.W.2d at 652 (four-month suspension for neglect of appeal and misrepresentation to the court). Daggett's misconduct is compounded by his failure to respond to the court order and his failure to cooperate with the Board. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins,* 648 N.W.2d 127, 135–36 (Iowa 2002).

We conclude the facts warrant suspension of Daggett's license to practice law. We suspend his license with no possibility of reinstatement for a period of sixty days from the date of the filing of this opinion. We shall reinstate Daggett's license to practice law on the day after the sixty-day suspension period expires.[1] *See* Iowa Ct. R. 35.12(2). The costs of this action are assessed against Daggett in accordance with Iowa Court Rule 35.25. Automatic reinstatement shall not be ordered until all costs assessed have been paid. *Id.*

**LICENSE SUSPENDED.**

---

1. Automatic reinstatement is subject to the following exceptions.

    The board of professional ethics and conduct may file and serve within the suspension period an objection to the automatic reinstatement of the attorney. The filing of an objection shall stay the automatic reinstatement until ordered otherwise by the court. If the board files an objection, the court shall set the matter for hearing and the clerk shall enter written notice in conformance with rule 35.13, except that the court may waive the requirement of a 60–day waiting period prior to the hearing date.

    Iowa Ct. R. 35.12(2).